UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER WATSON** **#1000277867** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-00911** |
| **JEFFERSON PARISH CORRECTIONAL CENTER, ET AL.** | **SECTION: "B"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Christopher Watson, a state inmate, filed this *pro se* federal civil action pursuant to 42 U.S.C. § 1983. He named two defendants: the Jefferson Parish Correctional Center and "Correct Health" (a reference to CorrectHealth Jefferson, LLC, the private entity which holds the contract to provide medical services to inmates at the jail). In this lawsuit, he claims that he has been denied medical care for asthma and a religious diet.

### I. Screening Standards

Plaintiff filed this federal civil action *in forma pauperis*. Concerning such actions, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
>     (i)    is frivolous or malicious;
>     (ii)   fails to state a claim on which relief may be granted; or
>     (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, because plaintiff is incarcerated, he is also subject to the screening provisions of 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In determining whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches

Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[1] the undersigned recommends that the complaint be dismissed for the following reasons.

## II.  Plaintiff's Claims

Plaintiff filed this federal civil rights action pursuant to 42 U.S.C. § 1983.  In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983.

In this lawsuit, plaintiff states his claims as follows:  "I want to file a claim against Jefferson Parish Correctional Center and Correct Health their medical service provider for failure to provide medical services to me in relat[ion] to my breathing treatment and religious belief pertaining to

---

[1] The Court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

3

diet."² However, as noted, he has named only two defendants with respect to those claims: the Jefferson Parish Correctional Center and CorrectHealth Jefferson, LLC. For the following reasons, his claims against both of those defendants should be dismissed.

### A. Jefferson Parish Correctional Center

The Jefferson Parish Correctional Center is not a proper defendant under any circumstances. "The Jefferson Parish Correctional Center is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983." Mitchell v. Jefferson Parish Correctional Center, Civ. Action No. 13-4963, 2013 WL 6002770, at *3 (E.D. La. Nov. 12, 2013); accord Culbertson v. J.P.S.O., Civ. Action No. 16-15958, 2017 WL 5133209, at *3 (E.D. La. Nov. 6, 2017); Stamps v. Jefferson Parish Correctional Center, Civ. Action No. 12-1767, 2012 WL 3026808, at *2 (E.D. La. July 12, 2012), adopted, 2012 WL 3027945 (E.D. La. July 24, 2012); Castellanos v. Jefferson Parish Correctional Center, Civ. Action No. 07-7796, 2008 WL 3975606, at *5 (E.D. La. Aug. 22, 2008). Therefore, the claim against that defendant should be dismissed with prejudice.

### B. CorrectHealth Jefferson, LLC

On the other hand, CorrectHealth Jefferson, LLC (hereinafter "CorrectHealth") can be a proper § 1983 defendant in some circumstances.³ Nevertheless, a proper claim has not been stated against CorrectHealth in this case because it appears that plaintiff is simply attempting to hold the corporation vicariously liable for the actions or inactions of its employees. However, the theory

---

² Rec. Doc. 4, p. 1.
³ The Court notes that CorrectHealth qualifies as a state actor under § 1983 despite the fact that it is a private entity. See, e.g., Grandpre v. Correct Health, Civ. Action No. 16-1543, 2016 WL 4539442, at *8 (E.D. La. Aug. 29, 2016) ("The Court first recognizes that CorrectHealth is the private corporation contracted to operate the medical services within JPCC, and the company and its employees are subject to liability as state actors under § 1983."), adopted, 2016 WL 4987265 (E.D. La. Sept. 19, 2016); see Shadrick v. Hopkins County, Kentucky, 805 F.3d 724, 736 (6th Cir. 2015) ("[P]rivate corporations performing traditional state functions, such as the provision of medical services to prison inmates, act under color of state law for purposes of § 1983.").

of vicarious liability does not apply in § 1983 actions. See Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability."); Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."); see also Grandpre v. Correct Health, Civ. Action No. 16-1543, 2016 WL 4539442, at *8 (E.D. La. Aug. 29, 2016) ("Grandpre seeks to hold CorrectHealth liable based on a theory of vicarious liability, which simply is not allowed in an action filed pursuant to § 1983."), adopted, 2016 WL 4987265 (E.D. La. Sept. 19, 2016); Easter v. Lafourche Parish Sheriff's Office, Civ. Action No. 13-5797, 2014 WL 3687239, at *3 (E.D. La. July 23, 2014) ("As to CorrectHealth, the private corporation which operates the jail's medical department, plaintiff failed to state a nonfrivolous claim against that defendant. Even if a cognizable claim could be stated against CorrectHealth in some circumstances, this is not among them. At best, plaintiff appears to be attempting to hold CorrectHealth liable based on a theory of vicarious liability, which simply is not allowed in an action filed pursuant to 42 U.S.C. § 1983."); Sears *ex rel.* Sears v. Lee, Civ. Action No. 08-3418, 2010 WL 324385, at *5 (E.D. La. Jan. 20, 2010) ("Plaintiff alone infers a broad custom or policy from an isolated incident or simply assumes, based on the severity of Patrick's injuries, that an unconstitutional policy must be at fault. Without a more concrete causal connection between CorrectHealth and the actions of its employees, Plaintiff's claim too closely mirrors simple vicarious liability which is unsustainable in this § 1983 action.").

Because CorrectHealth cannot be held vicariously liable for its employees and because plaintiff has not alleged any other basis on which the corporation itself violated his rights, such as by adopting a constitutionally deficient custom, policy, or practice which resulted in his injuries,

plaintiff has failed to state a claim against CorrectHealth. Therefore, the § 1983 claims against CorrectHealth should be dismissed without prejudice. See, e.g., Stone v. Gusman, Civ. Action No. 16-1321, 2017 WL 3037632, at *3 (E.D. La. June 21, 2017), adopted, 2017 WL 3034362 (E.D. La. July 18, 2017); Whittington v. Normand, Civ. Action No. 16-1702, 2016 WL 8213259, at *3 (E.D. La. Sept. 14, 2016), adopted, 2017 WL 497802 (E.D. La. Feb. 7, 2017); Suffal v. Parish, Civ. Action No. 14-2478, 2015 WL 631452, at *3 (E.D. La. Feb. 13, 2015).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claim against the Jefferson Parish Correctional Center be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** that plaintiff's claim against CorrectHealth Jefferson, LLC, be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this sixth day of March, 2019.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**